Pearson, J.
 

 1. Where a plaintiff sues as administrator, “ proferí” of his letters of administration must be made in the declaration, and the defendant may crave “ oyer,” but the plaintiff is not bound to produce them at the trial. This is a familiar rule of pleading.
 

 2. The defendant, having received the money as the agent of the plaintiff, was not bound to seek him for the purpose of paying it over; so, we agree with his Honor, that the cause
 
 *157
 
 of action did not accrue until a demand; consequently tbe statute of limitations did not begin to run until the demand.
 

 3. It is clear, as tlie defendant was in no default until the demand, if he had then paid over the money, he would not have been chargeable with interest.
 
 We
 
 can see no principal upon which .he can be charged with interest, except from the date of the demand. Because of the fact, that instead of paying the money, when called on, he said, “ he had paid it, or, if not, it was out of date, and he should not pay it,” he was wrong, and was put in default from that time; but how it can have relation back, we are unable to see. If it did relate back so as to terminate the agency, and give the plaintiff a cause of action, and thereby entitle him to interest, it would necessarily have the further effect of letting in the statute of limitations.
 

 There is error in regard to the interest, and, as the case is presented, we are not able to enter j udgment for the proper amount, but must direct
 
 a venire de novo.
 

 Pee OuexaM. ' Judgment reversed.